**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CLIFF ROAD CAPITAL MANAGEMENT, LLC<br>1900 M Street, NW<br>Washington, DC 20036<br><br>                              Plaintiff,<br>                   v.<br><br>CMS PROCESSING, LLC<br>3 East Diamond Ave<br>Gaithersburg, MD 20877<br><br>CLARUS MERCHANT SERVICES GROUP, LLC<br>3 East Diamond Ave<br>Gaithersburg, MD 20877<br><br><br><br>                              Defendants. | Civil Action No. _____<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff Cliff Road Capital Management, LLC ("Cliff Road"), by its undersigned counsel, upon personal knowledge with respect to itself and its actions and otherwise on information and belief, alleges as follows:

**I.    Nature of the Action**

1.    This action seeks declaratory judgment and damages for breach of contract by Clarus Merchant Services Group, LLC ("Clarus") and its affiliate, CMS Processing LLC ("CMS").

2.    On September 27, 2017, Cliff Road and Clarus executed the Monitoring Fee Agreement ("the Agreement"), attached as Exhibit 1.

3.      However, since February 2017, Clarus and CMS have inexplicably refused to make payments to Cliff Road as required by the Agreement and have even claimed that no Agreement exists.

## II.     The Parties

4.      Cliff Road, a District of Columbia limited liability corporation, is a consulting and finance firm with offices in the District and New York.  Its principals, brothers Curtis and Otis Ofori, have over ten years of experience in finance and asset based transactions and also run Greenhall Capital Partners, LP, a private investment fund focused on real estate and special situation credit investing.

5.      Defendant Clarus Merchant Services Group, LLC, a Maryland limited liability corporation, is a provider of credit card processing services and merchant payment solutions.  Randal Tillim is Chief Executive Officer of Clarus.

6.      Defendant CMS Processing, LLC, is a Maryland limited liability corporation, which does business as Clarus.  According to publicly available records, CMS owns Clarus.  Randall Tillim is Chief Executive Officer of CMS.

## III.    Jurisdiction and Venue

7.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is an action between citizens of different states and the amount in controversy exceeds $75,000.

8.      The Court has personal jurisdiction over Defendants under the District of Columbia Long-Arm Statute, D.C. Code § 13-423(a)(1), and venue in this district is proper under 28 U.S.C. § 1391(b), because the Agreement was signed in the District of Columbia and the services provided to Clarus and CMS by Cliff Road, pursuant to the Agreement, were to occur in the District of Columbia.

9.     Additionally, Section 7, para (a) of the Agreement states "(t)his Agreement will be governed by, and construed in accordance with, the laws of the District of Columbia."

**IV.    Factual Allegations**

10.     To accept credit and debit card payments from its customers, a merchant generally requires a payment processor to facilitate the processing of electronic payments.  The payment processor provides the merchant with the electronic gateway to the payment networks and banks needed to instantly accept a credit or debit card as a form of payment.

11.     CMS, doing business as Clarus, assists merchants with the processing of electronic payments.  For a fee, CMS assists merchants in accepting credit card payments and CMS claims to process in excess of $5 billion annually in payments to merchants.

12.     On or about July 12, 2016, CMS, through its Chief Executive Officer, Randall Tillim, approached principals of Cliff Road seeking Cliff Road's assistance in securing financing for Clarus's acquisition of the Elavon merchant services portfolio ("the Portfolio"), which was valued at $13,000,000.

13.     Mr. Tillim initially offered to provide 17% returns in exchange for an investment by Cliff Road that would permit Clarus to secure the Portfolio.

14.     During Cliff Road's initial diligence of the Portfolio, Mr. Tillim adjusted the expected rate of return to 8%.

15.     In August 2016, in light of the lower rate of return, Cliff Road indicated that it would assist Clarus with acquisition of the Portfolio in exchange for an equity stake in the Portfolio, a closing fee related to the financing of the Portfolio, and an on-going consulting fee.

16.     Clarus pursued other sources of financing the Portfolio but was unsuccessful.

17.     Clarus ultimately chose to negotiate with Cliff Road regarding the size of Cliff Road's desired equity stake, closing fee, and consulting fee.

18.     On September 27, 2016, Clarus and Cliff Road executed the Agreement. Mr. Tillim, as Chief Executive Officer for Clarus, signed the agreement in the presence of counsel for Clarus from Ballard Spahr, LLP.

19.     Otis and Curtis Ofori, who signed the Agreement on behalf of Cliff Road, were also present at the Washington office of Ballard Spahr when Mr. Tillim executed the Agreement.

20.     Section 2 of the Agreement obligated Clarus, "in consideration of the Services being provided by Cliff Road," to pay a "transaction and advisory fee" (or closing fee) upon Cliff Road obtaining financing acceptable to Clarus that would facilitate Clarus's acquisition of the Portfolio.

21.     In the Agreement, Clarus also agreed to pay Cliff Road a "monitoring fee" (or consulting fee) in monthly installments for the stated term of the loan obtained by Cliff Road for Clarus.

22.     Additionally, and perhaps most importantly, the Agreement provided Cliff Road with a 10% equity ownership stake in the Portfolio at the time the loan financing the acquisition was funded.

23.     If financing for the Portfolio could be obtained, the expected value of the Agreement to Cliff Road was in excess of $4,000,000 and Clarus would garner the Portfolio's significant monthly stream of revenue.

24.     Pursuant to the Agreement and in reliance on the compensation structure included therein, Cliff Road made its best efforts to obtain financing suitable to Clarus.  In

contrast to Mr. Tillim's unsuccessful efforts to acquire financing, Cliff Road was able to leverage its prior experience and its relationships to obtain financing from the Goldman Sachs Specialty Lending Group ("Goldman Sachs").

25.     On October 28, 2016, Clarus executed a term sheet with Goldman Sachs for a secured credit facility in the amount of $25,000,000.

26.     On December 13, 2016, due to the efforts and diligence of Cliff Road, Clarus executed the relevant financing documents with Goldman Sachs and received $25,000,000 in loan proceeds to finance its acquisition of the Portfolio.

27.     At the time it received the loan proceeds from Goldman Sachs, Clarus was well aware of the terms of the Agreement it had entered on September 27, 2016, and could have walked away from the financing delivered by Cliff Road under the associated Agreement, at any point in the previous three months without penalty.  Clarus did not do so.

28.     Instead, after finalizing the secured credit facility with Goldman Sachs, Clarus, on or about December 22, 2016, wired a transaction and advisory fee in the amount of $250,000 to Cliff Road.  Mr. Tillim congratulated Messrs. Ofori on their work by text message at the time of payment.

29.     On January 23, 2017, Cliff Road sent Clarus its first monthly invoice of $20,8333.33 for monitoring fees.  Mr. Tillim personally approved the payment of the invoice and wired the funds to Cliff Road on February 3, 2017.

30.     On February 16, 2017, Cliff Road invoiced Clarus for its second monthly installment of the monitoring fees.  However, Clarus ignored that invoice and has refused to pay all subsequent invoices from Cliff Road because, according to Mr. Tillim, Cliff Road is "being paid too much."

31.     All efforts by Cliff Road to obtain the payments due under the Agreement have failed and CMS has even taken the position on at least one occasion that no written agreement exists—despite Exhibit 1 to this Complaint having been signed by Mr. Tillim, Chief Executive Officer of both Clarus and CMS, in the presence of counsel from Ballard Spahr and Otis and Curtis Ofori.

## COUNT I

### (Breach of Contract)

32. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 31, inclusive, as set forth herein.

33. The Agreement is a valid and enforceable contract between the parties.

34. The Agreement imposed the obligation on Clarus, and its affiliate CMS, to, among other things, make monthly payments to Cliff Road and to convey an equity stake in the Portfolio to Cliff Road.

35. Clarus, and its affiliate CMS, willfully and wantonly breached the Agreement by refusing to pay monthly invoices for monitoring fees owed to Cliff Road.

36. As a direct and proximate result of Clarus's, and its affiliate CMS's, breach of contract, Cliff Road suffered and continues to suffer substantial monetary and/or economic damages.  Meanwhile, Clarus continues to avail itself of the loan proceeds secured by Cliff Road.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants including declaratory and compensatory relief, as follows:

37.     Declaring that Cliff Road owns 10% equity stake in the Portfolio, or
        awarding Cliff Road compensatory damages of equivalent value;

38.     Declaring that Cliff Road is owed monitoring fees from CMS and Clarus and awarding Cliff Road compensatory damages;

39.     Requiring CMS and Clarus to pay accrued and unpaid interest, plus all fees, costs and expenses, including reasonable attorneys' fees, incurred in enforcing their rights under the Agreement;

40.     Granting Cliff Road such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Cliff Road hereby demands a trial by jury as to all claims so triable.

Dated:   Washington, D.C.
         December 19, 2017

                           PAUL, WEISS, RIFKIND,
                           WHARTON & GARRISON LLP

                           By:     /s/ Adam B. Schwartz
                                   Adam B. Schwartz
                                   (D.C. Bar No. 985785)
                           2001 K Street, NW
                           Washington, DC 20006-1047
                           Telephone: (202) 223-7341
                           Fax:  (202) 204-7358
                           aschwartz@paulweiss.com

                           *Attorneys for Plaintiff Cliff Road Capital Management, LLC*